IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER HEALTHCARE LLC, BAYER HEALTHCARE PHARMACEUTICALS INC., and ONYX PHARMACEUTICALS, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 16-1220 (LPS) |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Defendant. | ) | |

**ANSWER OF PLAINTIFFS TO COUNTERCLAIMS OF <u>DEFENDANT TEVA PHARMACEUTICALS USA, INC.</u>**

Plaintiffs Bayer HealthCare LLC ("BHC"), Bayer HealthCare Pharmaceuticals Inc. ("BHCPI") (BHC and BHCPI are collectively referred to herein as "Bayer"), and Onyx Pharmaceuticals, Inc. ("Onyx") (Bayer and Onyx are collectively referred to herein as "Plaintiffs"), by their attorneys, hereby answer the Counterclaims of Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), using the paragraph numbers of Teva's Counterclaims, D.I. 12, as follows:

## TEVA'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### NATURE OF THE ACTION

The allegations of this paragraph are legal conclusions to which no response is required.

### THE PARTIES

1. On information and belief, admitted.

2. Admitted.

3. Admitted.

4. Admitted.

JURISDICTION AND VENUE

5. The allegations of paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest subject matter jurisdiction for purposes of this action.

6. The allegations of paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest personal jurisdiction for purposes of this action.

7. The allegations of paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest venue for purposes of this action.

FACTUAL BACKGROUND

8. Admitted that the ’933 patent issued on November 4, 2014. Admitted that BHC is the assignee of the ’933 patent. Admitted that Onyx is an exclusive licensee under the ’933 patent.

9. Admitted that the ’933 patent is properly listed in the Orange Book in connection with NEXAVAR®.

10. The allegations of paragraph 10 are legal conclusions to which no response is necessary. To the extent a response is required, admitted that the ’933 patent is properly listed in the Orange Book in connection with NEXAVAR®.

11. Upon information and belief, admitted that Teva submitted ANDA No. 209567 to the FDA, seeking approval for Teva’s Sorafenib Tablets, 200 mg (“Teva’s ANDA Product”).

12. Upon information and belief, admitted that ANDA No. 209567 contains a Paragraph IV certification with respect to the ’933 patent. Denied that the ’933 patent is invalid

or unenforceable. Upon information and belief, denied that the commercial manufacture, use, or sale of Teva's ANDA Product would not infringe the '933 patent.

13. Admitted that Teva sent a letter dated November 2, 2016 ("Notice Letter") to, *inter alia*, Plaintiffs stating that Teva had submitted ANDA No. 209567 to the FDA. Admitted that Teva's Notice Letter stated that Teva had filed a Paragraph IV certification with the FDA with respect to the '933 patent. Denied that the '933 patent is invalid or unenforceable. Upon information and belief, denied that the commercial manufacture, use, or sale of Teva's ANDA Product would not infringe the '933 patent.

14. Admitted that the Notice Letter included an Offer of Confidential Access ("OCA"), which was subject to various unreasonably restrictive conditions.

15. Admitted that Plaintiffs did not execute the OCA included with Teva's Notice Letter, which included various unreasonably restrictive conditions. Admitted that Plaintiffs sought documents and samples from Teva concerning Teva's ANDA Product prior to filing an infringement action against Teva asserting the '933 patent. Further admitted that Plaintiffs proposed that the parties use the protective order in a related action (Civil Action No. 15-114-LPS (D. Del.)) for confidentiality purposes. Further admitted that Teva did not respond to Plaintiffs' request. Otherwise, denied.

16. Admitted.

**COUNT I**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,877,933)**

17. Plaintiffs reassert as if fully set forth each of their responses to the foregoing paragraphs.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that there is an actual and justiciable controversy between Plaintiffs and Teva with respect to liability for infringement of the ’933 patent. Denied that Teva is entitled to any of the relief that it seeks.

27. Denied.

**COUNT II**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 8,877,933)**

28. Plaintiffs reassert as if fully set forth each of their responses to the foregoing paragraphs.

29. Admitted that Plaintiffs have alleged, on information and belief, that the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva’s ANDA Product, including the use of Teva’s ANDA Product in accordance with and as directed by Teva’s labeling for that product, will infringe at least claims 1 and 16 of the ’933 patent.

30. Admitted that Plaintiffs did not execute the OCA included with Teva’s Notice Letter, which included various unreasonably restrictive conditions. Denied that Plaintiffs did not seek to investigate Teva’s non-infringement assertions or Teva’s ANDA Product prior to bringing suit asserting the ’933 patent against Teva.

31. Upon information and belief, denied.

32. Admitted that there is an actual and justiciable controversy between Plaintiffs and Teva with respect to liability for infringement of the ’933 patent. Denied that Teva is entitled to any of the relief that it seeks.

33. Denied.

**EXCEPTIONAL CASE**

Denied.

**PRAYER FOR RELIEF**

The “Wherefore” paragraphs below the heading “PRAYER FOR RELIEF” state Teva’s Prayer for Relief, to which no response is required. To the extent a response is required, Plaintiffs deny that Teva is entitled to any of the relief in the prayer for relief, or to any relief whatsoever.

* * *

Any allegation in the Counterclaims not expressly admitted herein is hereby denied.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiffs affirmatively state the following defenses, undertaking the burden of proof only to the extent required by law:

**FIRST AFFIRMATIVE DEFENSE**

Each of Teva’s Counterclaims has failed to state a claim upon which relief can be granted. For example, Teva has alleged no facts that, if true, would show that the ’933 patent is invalid for any reason.

**SECOND AFFIRMATIVE DEFENSE**

Teva’s Counterclaims have failed to state a claim upon which relief for exceptional cases under 35 U.S.C. § 285 can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs reserve the right to supplement and/or amend these affirmative defenses as may become available or apparent during discovery proceedings.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Teva has infringed the ’933 patent;

(b) A judgment ordering that the effective date of any FDA approval for Teva to make, use, offer for sale, sell, market, distribute, or import Teva’s ANDA Product, or any product or compound which infringes or the use of which infringes the ’933 patent, be not earlier than the expiration date of the ’933 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Teva, and all persons acting in concert with Teva, from making, using, selling, offering for sale, marketing, distributing, or importing Teva’s ANDA Product, or any product or compound that infringes or the use of which infringes the ’933 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the ’933 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Teva’s ANDA Product, or any product or compound that infringes or the use of which infringes the ’933 patent, prior to the expiration date of the ’933 patent, will infringe, actively induce infringement of, and contribute to the infringement by others of the ’933 patent;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f) An award of Plaintiffs' costs and expense in this action; and

(g) Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com
araucci@mnat.com

*Attorneys for Plaintiffs Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., and Onyx Pharmaceuticals, Inc.*

OF COUNSEL:

Bruce R. Genderson
Adam L. Perlman
Dov P. Grossman
Jessica B. Rydstrom
Joelle Perry
Teagan J. Gregory
Christopher S. Geyer
Williams & Connolly LLP
725 Twelfth St. NW
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs Bayer HealthCare LLC and Bayer HealthCare Pharmaceuticals Inc.*

March 15, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 15, 2017, upon the following in the manner indicated:

John W. Shaw, Esquire *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
David M. Fry, Esquire
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Jason A. Wietjes, Esquire *VIA ELECTRONIC MAIL*
POLSINELLI PC
2950 North Harwood Street, Suite 2100
Dallas, TX 75201
*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Gary E. Hood, Esquire *VIA ELECTRONIC MAIL*
Mark T. Deming, Esquire
POLSINELLI PC
161 North Clark Street, Suite 4200
Chicago, IL 60601
*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Graham L. Day, Esquire *VIA ELECTRONIC MAIL*
POLSINELLI PC
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

/s/ Anthony D. Raucci

Anthony D. Raucci (#5948)